IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

THERON L. CHRISTIAN,                )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )   Case No. 1:10-CV-1677-WMA-TMP
                                    )
AUTUMN GARLICK et al.,              )
                                    )
        Defendants.                 )

MEMORANDUM OPINION

The magistrate judge filed his report and recommendation in this action by a state prisoner under 42 U.S.C. § 1983 on May 11, 2011, recommending that plaintiff's claims be dismissed as to all defendants, except defendants Sheriff Larry Amerson and Nurse Brett Cobb.  On May 25, 2011, the plaintiff filed his objections to the report and recommendation, objecting only to the recommendation that his claims against defendants Autumn Garlick, Linde Greene, Jennifer Weems, and Joey Stone be dismissed.  Because plaintiff has not specifically objected to other parts of the report and recommendation, the court will address and consider *de novo* only his objections to the dismissal of defendants Garlick, Greene, Weems, and Stone.  See United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009) ("After a magistrate judge has issued a report and recommendation under § 636(b)(1)(B), a party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with."); Hall v. Sharpe, 812 F.2d 644 (11th Cir. 1987) (District judge must "make a *de novo* determination as to any matters to which a specific objection was made...").

After the plaintiff filed his objections, he filed additional evidentiary support for his objections on May 26 and June 15, 2011. (Docs. 19 and 20). Attached to document 19 is a copy of a case action summary from the District Court of Calhoun County, Alabama, showing that plaintiff was arrested on January 15, 2010, on a charge of violating the Alabama Community Notification Act. That charge was subsequently *nol prossed* by the state on February 25, 2010. Further, attached to document 20 is a copy of an arrest warrant issued by the magistrate of the Calhoun County District Court on January 15, 2010, for the plaintiff's arrest on a charge of violating the Alabama Community Notification Act. The complaint supporting the warrant was signed by Autumn Garlick. The return on the warrant shows that it was executed on January 15, 2010, by a deputy sheriff "Pat M..."[1] Plaintiff was initially jailed, then released on a reduced bond on January 19, 2010.

Consistent with the report and recommendation and the lack of a specific objection from the plaintiff, the court ADOPTS and ACCEPTS the report and recommendation to the extent that the magistrate judge recommends the dismissal of plaintiff's claims against defendants Officer Stephanie Lambert, an unnamed Calhoun County Commissioner, Attorney Fred Lawton, and Chris Sparks. By separate order the claims against these defendants will be DISMISSED WITH PREJUDICE. Likewise, the court ADOPTS and ACCEPTS the magistrate judge's recommendation that the case proceed further on plaintiff's claims against Sheriff Amerson and Nurse Brett Cobb. The action will again be referred to the magistrate judge for further proceedings with respect to the claims against these two defendants.

---

[1] The signature of the executing deputy sheriff is hard to make out, but it appears to be "Pat Meaders." In any event, the executing deputy was not any of defendants Garlick, Greene, Weems, or Stone.

Turning to plaintiff's specific objections, he objects to the proposed dismissal of defendants Autumn Garlick, the affiant on the complaint leading to plaintiff's arrest in January 2010; Lynde Greene; and Calhoun County District Attorney Jennifer Weems.  Having reviewed *de novo* plaintiff's objections, however, the court agrees with the magistrate judge that his claims against Greene and Weems are due to be dismissed.  First, plaintiff simply alleges no basis whatsoever for potential liability on the part of Greene.  While he identifies her as a patrol officer, he does not allege how she was involved in his arrest, unlike defendant Garlick, whom he has clearly identified as the affiant of the charge against him.  As for Weems, plaintiff seems to allege that she is liable only by virtue of her position as the Calhoun County District Attorney.  To the extent that plaintiff complains that Weems either authorized the filing of the complaint by Garlick, or prosecuted the case after his arrest,[2] she is entitled to prosecutorial immunity.  For these reasons, the court OVERRULES plaintiff's objections to the recommendation that his claims against Greene and Weems be dismissed, and by separate order that recommendation will be ADOPTED and ACCEPTED, and the claims against these two defendants will be DISMISSED WITH PREJUDICE.

Plaintiff's false arrest case against Garlick is another matter.  Having now identified her as the charging affiant, plaintiff has stated a claim for false arrest on the theory that Garlick had no probable cause to charge him with violation of the Alabama Community Notification Act.  Whether he can ultimately prove that theory remains to be seem, but it sufficient states a claim for purposes of avoiding dismissal at this screening stage of the case. For this reason, the court will REJECT the

---

[2] Plaintiff's own exhibit annexed to document 20 shows that the state *nol prossed* the case against plaintiff the first time it came up on a docket.

magistrate judge's recommendation that the claim against defendant Garlick be dismissed, and will refer the matter to the magistrate judge for further proceedings.

Finally, plaintiff objects to the recommended dismissal of defendant Joey Stone, alleging that Stone was the officer who arrested him on the January 15, 2010, warrant. Plaintiff's own exhibit, however, shows that the arrest warrant was executed by someone other than Stone. But even if Stone participated in the arrest, he did so pursuant to the authority of the warrant. "[L]aw enforcement personnel, acting in furtherance of their official duties and relying on a facially valid court order, are entitled to absolute quasi-judicial immunity from suit in a section 1983 action." Roland v. Phillips, 19 F.3d 552, 556 (11th Cir. 1994); see also Lawal v. Fowler, 196 Fed. Appx. 765, 768 (11th Cir. 2006) (sheriff's deputy executing a TRO is entitled to absolute quasi-judicial immunity). Therefore, Stone, operating under a facially valid arrest warrant, is immune from suit for carrying out his duties under the warrant. Accordingly, the plaintiff's objection to dismissal of his claim against Stone is OVERRULED. The court will ADOPT and ACCEPT the magistrate judge's recommendation that the claim against Stone be DISMISSED WITH PREJUDICE.

A separate order will enter.

DONE this 29th day of September, 2011.

/s/ William M. Acker, Jr.
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE